O

# United States District Court
# Central District of California

| | |
|---|---|
| JENHANCO, INC., | Case No. 2:15-cv-04191-ODW (PJW) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REMAND [16]** |
| HERTZ GLOBAL HOLDINGS, INC., | |
| HERTZ CORPORATION, DOLLAR | |
| RENT A CAR, INC., DOLLAR | |
| THRIFTY AUTOMOTIVE GROUP, | |
| INC., and DOES 1–10, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Jenhanco Inc. ("Plaintiff") moves to remand this action to Los Angeles County Superior Court based upon the contractual language set forth in the forum selection clause of a governing License Agreement.  Plaintiff argues the term "appropriate district court" can only be interpreted as "state courts" in Los Angeles and, therefore, should be remanded to the Los Angeles Superior Court.  Defendants Hertz Global Holdings, Inc. and The Hertz Corporation (collectively, "Defendants") argue the clause is read to include both state and federal district courts rendering the removal to this court proper.  For the reasons discussed below, the Court finds the

forum selection clause to include federal district courts. Therefore, this Court **DENIES** Plaintiff's Motion to Remand.[1] (ECF No. 16.)

## II. FACTUAL BACKGROUND

In 1982, Plaintiff entered into a licensing agreement with Dollar Rent a Car ("Dollar Corporate"), which through a series of mergers and acquisitions would become a wholly owned subsidiary of Defendants. (ECF No. 1, Compl. Ex. A. ¶¶ 1-2.) Plaintiff paid a certain percentage of its gross revenue in exchange for, among other things, first right over any other entity to expand its rental car operation within Plaintiff's operating locality. (*Id.* ¶ 3.) In or about August 2013, Defendants allegedly denied Plaintiff the opportunity to expand its operations for the benefit of Defendants' other non-franchisee subsidiaries. (*Id.* ¶ 4.) Plaintiff filed this action on April 23, 2015, in the Los Angeles Superior Court. (Compl.) Plaintiff's Complaint contains four causes of action against the Defendants: (1) breach of the License Agreement; (2) breach of covenant of good faith and fair dealing; (3) promissory fraud; and (4) tortious interference with prospective economic relations. (*Id.*) The subject License Agreement contains the following relevant provisions:

> 5.9. All actions between the parties hereto shall be litigated in the appropriate district court in the city or county of Los Angeles, California and said courts within the city and county of Los Angeles shall have exclusive jurisdiction over the subject matter of this agreement and any dispute or disagreement arising out of said agreement. This agreement shall be construed in accordance with the laws of the State of Licensee's Operating Locality.
>
> 5.10. Licensee irrevocably authorizes [Licensor] to designate and appoint an agent in the city and county of Los Angeles, California as agent of Licensee to receive and accept, on behalf of Licensee service of summons, complaint and other court process and orders in the event suit is filed by Licensor against Licensee in any state or federal court in the

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

> State of California.  In the event of any such suit, personal jurisdiction over Licensee may be obtained by the court in which such action is brought if a copy of the summons and complaint in such action is personally served upon said agent; and a copy thereof is mailed to Licensee by registered or certified mail addressed to Licensee at Licensee's address as shown herein or at such other address as may hereinafter be designated by Licensee by notice given accordance with the requirements of paragraph 5.3.  Licensee hereby consents to such California jurisdiction.  Dollar shall promptly notify Licensee of the appropriate agent appointed for service of process herein.

(ECF No. 16, Ex. A, "License Agreement.")

Defendants removed the action on June 4, 2015.  (ECF No. 1.)  On July 2, 2015, Plaintiff moved to remand.  (ECF No. 16.)  Defendants timely opposed and Plaintiff timely replied.  (ECF Nos. 25, 30.)  That Plaintiff's Motion is now before the Court for consideration.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art.  III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.  A defendant may remove a case from a state court to a federal court pursuant to the

1 federal removal statute, 28 U.S.C. § 1441, on the basis of a federal question or
2 diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find
3 complete diversity of citizenship among the adverse parties, and the amount in
4 controversy must exceed $75,000.00, usually exclusive of interest and costs. 28
5 U.S.C. § 1332(a).

## IV. DISCUSSION

Defendants argue the forum selection clause of the License Agreement includes both state and federal courts because (1) the plain and normal meaning of the phrase "appropriate district court" leads to the conclusion that it includes federal district courts in the city or county of Los Angeles; and (2) interpretation of both Section 5.9 and 5.10 provide a consistent and harmonized interpretation of the provisions. (Opp'n 4–7.) Alternatively, Plaintiff argues the parties' License Agreement expressly states that the language in the forum selection clause limits all actions between parties to Los Angeles state courts, and the federal court is not a permissible venue.[2] (Mot. 2.) To interpret the forum selection clause, the Court will look at both the plain meaning and the consistency between the agreement clauses.

### A. Plain Language of Forum Selection Clause

When interpreting a forum selection clause, the "'plain language of the contract should be considered first.'" *Siminoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) (quoting *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). "[T]he 'common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it.'" *Id*.

In *Doe 1*, the court concluded that the preposition "of" in the phrase "the courts of Virginia" was determinative—"of" being a term "denoting that from which

---

[2] Defendant removes based upon diversity jurisdiction. Plaintiff does not dispute that the parties are citizens of different states or that the amount in controversy exceeds $75,000.00. (Mot. 5.) The only dispute is regarding the interpretation of the forum selection clause in the License Agreement.

anything proceeds; indicating origin, source, descent, and the like." *Id*. at 1082. In other words, the phrase "the courts of" a state refers only to state courts. *Id*. at 1081-82.

In contrast, the court observed that a forum selection clause referring to "courts in" a state imposes a geographic limitation, not one of sovereignty. *Id*. at 1082. (quoting *Black's Law Dictionary* 1080 (6th ed. 1990)). The word "in" means to "'express[] relation of presence, existence, situation, inclusion . . .; in-closed or surround by limits as in a room.'" *Id*. at 8 (quoting *Black's Law Dictionary* 758 (6th ed. 1990)). Therefore, the court held that the phrase "courts in" a state include any court within the physical boundaries of the state, even if the court does not derive its power and authority from the sovereignty of the state.

The Court applies this latter interpretation to the present License Agreement. Section 5.9 of the Agreement states, "[a]ll actions between the parties hereto shall be litigated in the appropriate district court **in** the city or county of Los Angeles, California . . . ." (emphasis added.) Consistent with *Doe 1*, when a federal court sits in a particular city or county, it is "in" that city or county. Therefore, the forum selection clause here provides venue in both the state and federal courts located within the city or county of Los Angeles, California.

Furthermore, it was unlikely that Plaintiff was confused on the meaning of "district court" within the License Agreement. Plaintiff exists pursuant to the laws of the state of Utah. (Compl. ¶ 7, Ex. A.) In Utah, the state's District Court is a trial court of general jurisdiction. U.C.A. 1953 § 78A-5-101(1). Therefore, Plaintiff may have construed the phrase "appropriate district court" to mean "state court" based on Utah law. However, the word "district" means "[a] territorial area into which a country, state, county, municipality, or other political subdivision is divided for judicial, political, electoral or administrative purposes." *Black's Law Dictionary* 509 (8th ed. 1999). The plain meaning of the word "district" does not point to venues within a particular area, but instead to the larger territorial area within which the

federal system lies.  Moreover, "district court" is not capitalized in the forum selection clause here, which gives support of the broad definition.

**B.      Consistency Between Agreement Clauses**

The cardinal principle of contract interpretation is that a document should be read to give effect to all of its provisions and to render them consistent with each other.  *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995). Therefore, consistency between sections 5.9 and 5.10 of the License Agreement is preferred over inconsistency.  Section 5.10 unambiguously provides, in part:

> Licensee irrevocably authorizes Dollar to designate and appoint an agent in the city or county of Los Angeles, California as agent of Licensee to receive and accept, on behalf of Licensee service of summons, complaint and other court process and order in the event suit is filed by Licensor against licensee **in any state or federal court in the State of California**.

(emphasis added.)   Section 5.9 of the License Agreement requires "[a]ll actions between the parties . . . [to] be litigated in the appropriate district court."  Because section 5.10 is unambiguous and clearly includes both state and federal courts, section 5.9 must adhere to its same meaning.  Therefore, in order for the two sections to be consistent with each other, section 5.9 must also mean both state and federal court as it refers to "all actions between the parties."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court finds the forum selection clause to include both state and federal courts. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand. (ECF No. 16.)

**IT IS SO ORDERED.**

September 16, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

7