O

# United States District Court
# Central District of California

| | |
|---|---|
| JENHANCO, INC., | Case No. 2:15-cv-04191-ODW (PJWx) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING MOTION TO REMAND AND DENYING ALTERNATIVE MOTION FOR CERTIFICATION [39]** |
| THE HERTZ CORPORATION, DOLLAR RENT A CAR, INC. DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., and DOES 1 through 10, | |
| Defendants. | |

## I.    INTRODUCTION

On April 23, 2015, Plaintiff Jenhanco, Inc. instituted this action in Los Angeles Superior Court.  After Defendants removed the case to federal court on June 4, 2015, Plaintiff filed its Motion to Remand, contending that the phrase "appropriate district courts" in the forum selection clause of the controlling agreement can only be interpreted to include state courts.  (ECF No. 16.)   The Court entered its Order Denying Motion to Remand ("Order") on September 16, 2015, stating that the forum selection clause is interpreted to include federal district courts.  Plaintiff now moves for reconsideration on the grounds that there was a manifest showing of a failure to consider material facts.  (ECF No. 39.)  Alternatively, Plaintiff requests the Court to

certify its Order to allow it to proceed with an appeal.  (*Id.*)  These motions are now before the court for consideration.  For the reasons discussed below, the Court finds the forum selection clause does not preclude litigation in federal court.  Therefore, this Court **DENIES** Plaintiff's Motion for Reconsideration and **DENIES** Plaintiff's Alternative Motion for Certification.

## II.   FACTUAL BACKGROUND

In a licensing agreement ("License Agreement") between Plaintiff and Dollar Rent a Car ("Dollar"), a subsidiary of Defendants,  Plaintiff agreed to pay a percentage of its gross earnings in exchange for first right to expand its rental car operation.  (Compl., ECF No. 1, ¶¶ 1-3.)  When Defendants purportedly denied Plaintiff the right to expand its operations, Plaintiff filed this suit against Defendants alleging four causes of action: (1) breach of the License Agreement; (2) breach of covenant of good faith and fair dealing; (3) promissory fraud; and (4) tortious interference with prospective economic relations.  (Compl., ECF No. 1, ¶¶ 61-94.) The License Agreement provides as follows:

> 5.9.   All actions between the parties hereto shall be litigated in the appropriate district court in the city or county of Los Angeles, California and said courts within the city and county of Los Angeles shall have exclusive jurisdiction over the subject matter of this agreement and any dispute or disagreement arising out of said agreement.  This agreement shall be construed in accordance with the laws of the State of Licensee's Operating Locality.

> 5.10. Licensee irrevocably authorizes [Licensor] to designate and appoint an agent in the city and county of Los Angeles, California as agent of Licensee to receive and accept, on behalf of Licensee service of summons, complaint and other court process and orders in the event suit is filed by Licensor against Licensee in any state or federal court in the State of California . . . .

(ECF No. 16, Ex. A, "License Agreement.")

///

### III.   ANALYSIS

Pursuant to Rule 60(b), a court may grant a party relief from a final judgment, order, or proceeding if the party can bring a claim within a reasonable time stating "a mistake, inadvertence, surprise, excusable neglect . . . misconduct by an opposing party . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b), (c).  To the same effect, Local Rule 7-18 reads:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.  Additionally, "[u]nder L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

Upon review, the Court finds in its discretion that Plaintiff does not meet the factors required for reconsideration.  No new evidence was submitted at the time of the Court's decision, and the Court did not fail to consider the term "appropriate" in its Order.  Since a motion for reconsideration cannot be granted on the basis that Plaintiff simply disagrees with the Court's interpretation of the forum selection clause, relief under L.R. 7-18 is not available.  Also, Plaintiff may not seek relief under the catchall provision of Rule 60(b) because it did not demonstrate "extraordinary circumstances" warranting the court's favorable exercise of discretion. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).  Plaintiff failed to prove (1) an injury or (2) circumstances beyond its control.  *Id*.

Plaintiff contends that the Order should be subject to reconsideration because the Court failed to consider material facts by not giving effect to the word

"appropriate" in the forum selection clause.[1]  (Mot. 4.)  Plaintiff suggests that the word "appropriate" should only refer to the existing court structure in Los Angeles as of 1982 when the contract was entered.  (*Id*.)  In 1982, there was one federal court and several state courts; therefore, Plaintiff argues that the parties could not have been referring to the federal court system because there were not multiple federal courts from which to choose an "appropriate" one.  (*Id*.)

Although Plaintiff acknowledged the Order's distinction between the plain meaning of "in" and "of" in the forum selection clause, Plaintiff appears to overlook the context of the analysis.  In the Order, the Court determined that the courts "in" a state referred to all courts within the physical boundaries of the state, whereas the courts "of" a state referred exclusively to state courts.  (Order Den. Mot. to Remand 5.)  Since the disputed forum selection clause dictates that any action shall be filed in the "district court in the city or county of Los Angeles," the Court stands by its original interpretation that the clause imposes a geographical limitation rather than one of sovereignty.  (*Id*.)  As a result, selecting the "appropriate" district court hinges on the available forums delineated from the above analysis, which the Court determined to include both state and federal courts.

Additionally, Plaintiff argues that the interpretation maxim cited in the Order— that "a document should be read to give effect to all of its provisions and shall be rendered consistent with each other"—is inapplicable.  (Mot. 5.)  It alleges that Paragraph 5.10 is only triggered when the Defendant files the suit and appoints an agent for Licensee to receive and accept service, which did not occur in this case. Therefore, the conditions precedent to this provision contradict the first part of the maxim, rendering the entire maxim legally void.  (*Id*.)

While Paragraph 5.10 may not substantively apply to the facts of this case, its language is instructive in the interpretation of the preceding paragraph.  The Order

---

[1] Vitagraph, Inc. v. American Theatre Co., 291 P. 303, 306 (finding that every word of a contract should be given effect).

cites to a Supreme Court case[2] which holds that a reading of two provisions that avoids conflict is preferable to one that creates conflict.  (*Id.*)  Construing Paragraph 5.9 to refer only to state courts would be inconsistent with the language in Paragraph 5.10.  Thus, the Court finds that the best way to reconcile the ambiguity in Paragraph 5.9 is to adhere to the meaning intended in the following provision, which permits venue in both state and federal courts.

Plaintiff also requests a certification of the Order pursuant to 28 U.S.C. § 1292(b).  (Mot. 6.)  A court may grant a certification for appeal if an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Here, there is no controlling issue of law subject to serious debate because the Court has determined that the "appropriate district court" cannot be construed to limit venue to state courts.  Since both parties agree that the federal court system has diversity jurisdiction over this case, removal to federal court is proper, so granting an appeal now would only delay the resolution of litigation.

For the foregoing reasons, the Court **DENIES** the Motion for Reconsideration and **DENIES** the Alternative Motion for Certification.


**IT IS SO ORDERED.**

January 26, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995).